# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| **JENNIFER GORDON,** | Civil Case No.: 7:18-CV-00568-TMC |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | |
| **CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM** | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff, complaining of the Defendant above-named, would respectfully show as follows:

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed dozens, if not hundreds, of autodialed and prerecorded calls to Plaintiff's cellular telephone number in attempt to collect a debt from a third-party with whom Plaintiff has no affiliation.

3. Plaintiff never provided Defendant with prior express consent to make these telephone calls.

4. Furthermore, Plaintiff expressly told Defendant to stop calling, stop texting, and that it had the wrong number, but to no avail.

5. Accordingly, Defendant's actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

6. Defendant's actions also invaded Plaintiff's privacy and Plaintiff is entitled to actual and punitive damages.

## PARTIES

7. Plaintiff is a citizen and resident of Campobello, South Carolina.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant Charter Communications, Inc. ("Defendant" or "Spectrum") is, and at all times mentioned herein was, a Delaware corporation with its principle place of business, headquarters and "nerve center" located at 400 Atlantic Street, Stamford, Connecticut 06901.

10. Defendant Spectrum is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

12. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because its actions giving rise to the claim were targeted at this District.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District.

## FACTS

14. For approximately the past year and a half, Defendant has placed telephone calls and text messages to Plaintiff's cellular telephone number ending in 0000.

15. These calls and texts were all attempts collect a debt from a third party named Cornelius McGowan, or a similar sounding name, with whom Plaintiff has no affiliation.

16. Plaintiff never gave Defendant prior express consent to make these calls to her

cellular telephone.

17. In fact, Plaintiff specifically told Defendant on several occasions that it had the wrong number and to stop calling, or words to that effect.

18. On each occasion, Defendant would either acknowledge the request, and say that it would try and remove the number, or that it could not help Plaintiff.

19. For example, on February 13, 2018, Plaintiff called again to stop the calls, and was told by Defendant's representative that in order for Defendant to stop the calls, Plaintiff would have to provide the account number (which she obviously did not have).

20. For example, on February 15, 2018 Plaintiff replied "Excuse you? I don't have Spectrum. You have the wrong number. I've been telling you that for a year. And now you're TEXTING me?" to one of Defendant's text messages.

21. Despite these efforts, Defendant continued to call and text.

22. These calls and texts used telephone numbers 980-217-1455, 844-747-3880, and 27590, among many others.

23. Plaintiff sought to block the numbers, but while this would work temporarily, Defendant would eventually begin calling from a different number, perhaps after realizing its calls had been blocked.

24. All of the calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. This is evidenced by the volume of the calls and the inability to stop the calls.

26. This is further evidenced by the fact that on many of the calls Plaintiff answered,

she would be met with "dead air" or an unnatural period of silence, indicative of an automatic telephone dialing system.

27. Generally speaking, when Plaintiff would answer Defendant's calls from a non-toll-free number (such as 980-217-1455), Plaintiff would be met with the dead air or unnatural silence, discussed above.

28. Many of the calls also used a prerecorded voice.

29. Typically, whenever Defendant made its calls from a toll-free number, the call used a prerecorded voice.

30. Plaintiff knew that these calls used a prerecorded voice because of her familiarity with normal human interactions, voice, and intonation, and her inability to interact with the message or elicit a non-prerecorded response.

31. The text messages also appear to be sent using an automatic telephone dialing system, as the messages were noted as "Free Msg" or "Auto Response", came from a short code 27590, which, upon information and belief, can only be used with automated and bulk messaging systems, and the messages purported to allow the messages to be stopped or started automatically using a text command.

32. Defendant's actions in making telephone calls and sending text messages to Plaintiff using an automatic telephone dialing system and/or prerecorded voice without obtaining Plaintiff's prior express consent and continuing to call after any such consent was revoked, violate 47 U.S.C. § 227(b).

33. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition and continued to do so after being repeatedly and clearly asked to stop, which Defendant either ignored.

34. Plaintiff has suffered concrete harm because of Defendant's telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendant to stop calling, and nuisance.

35. These forms of concrete harm are sufficient for Article III standing purposes.

36. Plaintiff is entitled to statutory damages, treble damages, and injunctive relief for these violations of the TCPA.

37. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

38. These calls also invaded Plaintiff's privacy.

39. They were immensely frustrating to Plaintiff and caused Plaintiff mental anguish, annoyance, and anger. Her inability to stop the calls caused her to feel helpless and powerless to control how she used her phone and controlled this aspect of her personal affairs.

40. Plaintiff is entitled to actual damages and punitive damages as a result.

## FOR A FIRST CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. Defendant placed calls and texts to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

43. Plaintiff's telephone number is assigned to a cellular telephone service.

44. As alleged, these calls all used an "automatic telephone dialing system."

45. As alleged, many of these calls used a prerecorded or artificial voice.

46. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

47. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## FOR A SECOND CAUSE OF ACTION

### Invasion of Privacy/Intrusion into Private Affairs

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. Plaintiff had a right and expectation to be left alone.

51. Defendant invaded Plaintiff's privacy through the wrongful intrusion into Plaintiff's private activities and personal life by, *inter alia*, calling and texting Plaintiff's telephone number without prior express consent and continuing even after Plaintiff asked Defendant repeatedly to stop.

52. On some of these occasions, Defendant refused to help Plaintiff because she did not have an account number, as the calls were being made to a wrong number.

53. Defendant's intrusion was substantial and unreasonable.

54. Defendant's conduct in making the calls – including after being told it had the wrong number – was intentional.

55. The calls caused Plaintiff mental anguish, humiliation, and serious frustration, and required her to waste time repeatedly tending to the calls.

56. Defendant's conduct was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

57. A cause of action for invasion of privacy related to wrong number debt collection calls is actionable under South Carolina law. See, e.g., *Gantt. v. Universal C.I.T. Credit Corp.*, 254 S.C. 112, 116 (1970); *Williams v. Bank of Am., N.A.*, Case No. 14-cv-04809, 2015 U.S. Dist. LEXIS 79607 (D.S.C. June 19, 2015).

58. As a direct and proximate result of the foregoing, Plaintiff has been damaged, and is entitled to recover actual damages, as well as punitive damages, as determined by the trier of fact.

                                      Respectfully submitted,

Date: May 18, 2018                            DAVE MAXFIELD, ATTORNEY, LLC

                                      _s/ Dave Maxfield_____
                                      David A. Maxfield, Fed. ID 6293
                                      P.O. Box 11865
                                      Columbia, SC 29211
                                      803-509-6800
                                      855-299-1656 (fax)
                                      dave@consumerlawsc.com

                                      Jeremy M. Glapion
                                      The Glapion Law Firm, LLC
                                      1704 Maxwell Drive
                                      Wall, New Jersey 07719
                                      732.455.9737
                                      732.709.5150 (fax)
                                      jmg@glapionlaw.com